## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

HARRY GUTIERRES; JAMES MARUCCI,
JR., individually and as parent and natural
guardian of M.M., minor child; ROBERT
JAGO; RANDEM BECKNER; IRINA
THOMAS; SAMI GRIFFIN; AMBER DORE;
FREDERICK JOHNSON; KAMAS DE
WORKMAN; FRANK APODACA; SARAH
ZAMORA HILL; CARMEN AVILA;
MELANIE PEREZ; HEAVEN RAINS;
MICHAEL HOWELLS; KARA HICKS;
JEFFREY CHADWICK; BARBARA
SCHARA; DAVID SCHARA; CAROLYN
MOSLEY; WANDA JONES; RANDOLPH
JONES; KORY LANKFORD; DONNA
YANSON; CHORAL YANSON; HEATHER
SAMS; REBECCA COOPER; NANCY
MARKES; JAMES HALL; EDWARD FINK;
MARY JORDAN; TRACY BUDD;
MICHELLE NORTON; ABEL MARTINEZ;
MARY MARTINEZ; GINA FLICKINGER;
MELINDA FISCHER; JOSEPH FISCHE; JAY
SANNE; JAY SANNER HEIDI RAY; LORI
LONGNECKER; VICTOR WRIGHT; SARAH
LARGENT; PAUL LAIRD; TRACEY
ESTEVE; KRISTIE LEE; JAMES CHAPMAN;
DENISE CHAPMAN; JOHN GUTTENBERG;
DENNIS HEITZ; BRENDA BLVETTA
BRUNGARDT; KAYLA FARRIS; KATHRYN
HIGGINS; MARJORIE LOPEZ; KRISTEN
PORT; MONICA WRIGHT-TAFOYA; SCOTT
KOENIG; JOHN LUNGER; HANNAH
QUIDACHAY; THADDUS MONTGOMERY;
MATTHEW LAWS; FELICIA BOOTH-
VORIS; LAURA JACOBS; MICHAEL
PATTERSON; BILLY COTTON;
CHRISTIANE MORROW; MICHAEL

GRIPPO; PATRICIA GAGNON; GARY
JOHNSON; PEGGY PURALEWSKI; MARIE
KORNEGAY; CHRIS FINDLAY; APRIL
COWLEY; DERANTE WILLIAMS; DEBORA
RICHARD; VICKIE JOHNSON, individually
and as parent and natural guardian of A.J., minor
child; CHEVON PATRICK, individually and as
parent and natural guardian of T.E., minor child;
JOHN ESLER; ANNETTE CAMPBELL; JOHN
CAMPBELL, JR.; CHRISTOPHER
CAMPBELL; GEORGE JORDAN, JR.;
SONYA LOPEZ; GEORGE LOPEZ;
MICHEAL JAMES; ANGEL NEGRON;
JEDADIAH PIERCE; CARL BRICKELL,
individually and as parent and natural guardian
of C.B., minor child; CYNTHIA TOWNER,
individually and as parent and natural guardian
of J.T., minor child; CHRIS COLBURN;
CRYSTAL HUBBARD; WILLIAM FOY;
SHARON CARLOS; SHANNON BRESCIANI;
MICHAEL SHUCK; HYUNKYUNG
CHAVEZ; MICHAEL ESLER; ANTONIO
FORD; ROBERT BEHRENS; JANIE
CUMPSTON; STEVEN SALENY; LADOCIA
BLOOM; WILLIAM BLOOM; LOUIS
KOWALEFSKI; ALBERT RICE; RYANN
MILAM; SONMI PARSONS; JAMES
PARSONS; SUDIE-PEARL HORTON;
BROMLYN HATTON; DEREK BROWN;
BRIAN KIDWELL; HELEN KIDWELL;
SYLVIA WALTON; ALAN THEIN; AMY
KINOFF; JOHN YOUNG; JAMIE HUFF;
ALFONSO COLON; HEATHER DIDONATO;
VINCENT HARRIS; ROBERT HULL;
MONICA HULL; MARY CRAWLEY,
individually and as parent and natural guardian
of K.C., minor child; SAMUEL JAMES, JR.;
BONNIE MILLER; TIMISHA RENEAU;
NICOLE PAINE; MICHELLE SWINTON;
TRUDY TAGSTROM; AMELIA RUBIO;

2

HARNEK SAHOTA; DOROTHY PIERCE;
REBECCA BARNES; RICHARD COOK;
MARY MAHON; TIMOTHY MAHON;
KATHY MAXIMENKO; LINDA JONES;
BRANDON HERRERA; MYRNA PEREZ;
VALENTINA WOLFKILL; JOHN CUELLAR;
JAMES COOK; LIONEL MARTINEZ;
GERALDINE MARTINEZ; NICHOLAS
VILLEGAS; ALICIA CHAVEZ; DANIELLE
WOJTOWICZ; JENNIFER HOWELL;
MIGUEL CANTU; ARGENTINA PEREZ;
CHARLES WESLEY PEOPLES; CORRIE
STUDDARD; RACHAEL WATERS;
MAURICE HARRIS; SHANDELL ECHOLS;
WENDELL BURNETT; DORIS GUILIANI;
KEITH ORCUTT; TABITHA STARKS; RITA
MACHIN; CARLOS MACHIN; BRANDY
HARRIS; BOBBY WINFIELD; VIVIAN
WINFIELD; JAMES WASHINGTON; SHERA
GOTTLOB; DELORES STROH; KAYLA
DOUGHTY; CONSEPCION HINES; IRA
BLOODWORTH; GAMAL LAWRENCE;
HEATHER GORMAN; SABIEN
STAPLETON; RITA JEFFRIES; TINA
GLUNT; JAMES GLUNT; RITA LANDERS;
GENE WILSON; CHARLINE
LOEWENSTEIN; SHERRY QUINLIVAN;
CHASTITY BUNN; BILLIE FRANKLAND;
THEODORE JOHNSON; BECKY STEEVES;
ALINA MATHEWS, individually and as parent
and natural guardian of F.W., minor child;
TRAPPER MATHEWS; ALINA MATHEWS;
DARREN HUNT; CARRIE BROWN;
DARREN BROWN; ERIN HUTCHINSON;
MICHELLE GREENLEE; ARTHUR GREEN,

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining

and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

## COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their undersigned counsel, hereby file this Complaint and Jury

Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and

Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL

COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM,

INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC,

INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a

successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and

as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY

AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively

"Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the

contamination of the drinking water supply serving the Cities of Security, Widefield, and parts

4

of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al*., 16-cv-2351-RBJ.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.      The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.      The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

5

8.     The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.     On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

[2] *Id.*

[3] *Id.*

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado.

### Health Effects of PFOS and PFOA Exposure

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.     PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.     The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.     In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.     In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated

puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.     The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. See Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50.     Plaintiff Harry Gutierres currently owns and resides at 2117 Frontier Drive, Colorado Springs, CO 80911. As a result of Harry Gutierres's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Harry Gutierres has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

51.     Plaintiff James Marucci, Jr., individually and as parent and natural guardian of M.M., currently resides at 2609 Willards Drive, Colorado Springs, CO 80911 with minor child M.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Marucci, Jr. and M.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

52.     Plaintiff Robert Jago currently resides at 101 Everett Street, Colorado Springs, CO 80911. As a result of Robert Jago's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Robert Jago has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

53.     Plaintiff Random Beckner currently resides at 120 Sumac Drive, Colorado Springs, CO 80911. As a result of Random Beckner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Random Beckner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

54.     Plaintiff Irina Thomas currently resides at 120 Sumac Drive, Colorado Springs, CO 80911. As a result of Irina Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Irina Thomas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

55.     Plaintiff Sami Griffin currently owns and resides at 206 Security Boulevard, Colorado Springs, CO 80911. As a result of Sami Griffin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sami Griffin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

56.     Plaintiff Amber Dore currently resides at 2205 Ivanhoe Drive, Colorado Springs, CO 80911. As a result of Amber Dore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amber Dore has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

57.     Plaintiff Frederick Johnson currently owns and resides at 2206 Cortez Drive, Colorado Springs, CO 80911. As a result of Frederick Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frederick Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

58.     Plaintiff Kamas De Workman currently owns and resides at 2502 Ivanhoe Drive,

Colorado Springs, CO 80911. As a result of Kamas De Workman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kamas De Workman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

59.     Plaintiff Frank Apodaca currently resides at 2562 Chimayo Drive, Colorado Springs, CO 80911. As a result of Frank Apodaca's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Apodaca has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

60.     Plaintiff Sarah Zamora Hill currently resides at 2578 Chaymayo Drive, Colorado Springs, CO 80911. As a result of Sarah Zamora Hill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Zamora Hill has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

61.     Plaintiff Carmen Avila currently resides at 104 Kiva Rd, Security, CO 80911. As a result of Carmen Avila's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carmen Avila has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

62.     Plaintiff Melanie Perez currently resides at 105 Hayes Drive, Colorado Springs, CO 80911. As a result of Melanie Perez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melanie Perez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

63.     Plaintiff Heaven Rains currently owns and resides at 217 Steven Drive, Colorado Springs, CO 80911. As a result of Heaven Rains's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heaven Rains has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

64.     Plaintiff Michael Howells currently resides at 23 Otowi Dr, Colorado Springs, CO 80911. As a result of Michael Howells's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Howells has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

65.     Plaintiff Kara Hicks currently owns and resides at 2318 Cactus Drive, Colorado Springs, CO 80911. As a result of Kara Hicks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kara Hicks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

66.     Plaintiff Jeffrey Chadwick currently resides at 1301 Main Street, Colorado Springs, CO 80911. As a result of Jeffrey Chadwick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffrey Chadwick has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

67.     Plaintiff Barbara Schara currently owns and resides at 1304 Evergreen Drive, Colorado Springs, CO 80911. As a result of Barbara Schara's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Schara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

68.     Plaintiff David Schara currently owns and resides at 1304 Evergreen Drive, Colorado Springs, CO 80911. As a result of David Schara's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Schara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

69.     Plaintiff Carolyn Mosley currently owns and resides at 13055 Old Pueblo Road, Fountain, CO 80817. As a result of Carolyn Mosley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carolyn Mosley has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood.

70.     Plaintiff Wanda Jones currently owns and resides at 132 Ely Street, Colorado Springs, CO 80911. As a result of Wanda Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wanda Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

71.     Plaintiff Randolph Jones currently owns and resides at 132 Ely Street, Colorado Springs, CO 80911. As a result of Randolph Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randolph Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

72.     Plaintiff Kory Lankford currently resides at 132 Ely Street, Colorado Springs, CO 80911. As a result of Kory Lankford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kory Lankford has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

73.     Plaintiff Donna Yanson currently owns and resides at 1365 Prado Drive, Fountain, CO 80817. As a result of Donna Yanson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Yanson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

74.     Plaintiff Choral Yanson currently owns and resides at 1365 Prado Drive, Fountain, CO 80817. As a result of Choral Yanson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Choral Yanson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

75.     Plaintiff Heather Sams currently owns and resides at 13710 Old Pueblo Rd, Fountain, CO 80817. As a result of Heather Sams's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Heather Sams has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

76.     Plaintiff Rebecca Cooper currently resides at 1385 Bonita Drive, Fountain, CO 80817. As a result of Rebecca Cooper's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Cooper has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

77.     Plaintiff Nancy Markes currently resides at 139 Ithaca Street, Colorado Springs, CO 80911. As a result of Nancy Markes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Markes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

78.     Plaintiff James Hall currently resides at 141 Judson Street, Colorado Springs, CO 80911. As a result of James Hall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Hall has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

79.     Plaintiff Edward Fink currently owns and resides at 1410 Luna Drive, Fountain, CO 80817. As a result of Edward Fink's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Fink has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis and High Cholesterol.

80.     Plaintiff Mary Jordan currently resides at 1412 Southmoor Drive, Fountain, CO 80817. As a result of Mary Jordan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Jordan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

81.     Plaintiff Tracy Budd currently resides at 14175 Demmler Rd., Colorado Springs,

CO 80928. As a result of Tracy Budd's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tracy Budd has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

82.     Plaintiff Michelle Norton currently resides at 1501 Rosemont Dr., Colorado Springs, CO 80911. As a result of Michelle Norton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Norton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

83.     Plaintiff Abel Martinez currently owns and resides at 1502 Prado Drive, Fountain, CO 80817. As a result of Abel Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Abel Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

84.     Plaintiff Mary Martinez currently owns and resides at 1502 Prado Drive, Fountain, CO 80817. As a result of Mary Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

85.     Plaintiff Gina Flickinger currently resides at 157 Grinnell Street, Colorado Springs, CO 80911. As a result of Gina Flickinger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gina Flickinger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

86.     Plaintiff Melinda Fischer currently owns and resides at 1595 Southmoor Drive, Fountain, CO 80817. As a result of Melinda Fischer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melinda Fischer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

87.     Plaintiff Joseph Fischer currently owns and resides at 1595 Southmoor Drive, Fountain, CO 80817. As a result of Joseph Fischer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Fischer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

88.     Plaintiff Jay Sanner, individually and as parent and natural guardian of J.S., currently resides at 1690 Monterey Way, Fountain, CO 80817 with minor child J.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jay Sanner and J.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

89.     Plaintiff Jay Sanner currently resides at 1690 Monterey Way, Fountain, CO 80817. As a result of Jay Sanner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jay Sanner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

90.     Plaintiff Heidi Ray currently owns and resides at 1721 Palmer Avenue, Pueblo, CO 81004. As a result of Heidi Ray's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heidi Ray has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

91.     Plaintiff Lori Longnecker currently owns and resides at 1725 Bonita Dr, Fountain, CO 80817. As a result of Lori Longnecker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lori Longnecker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

92.     Plaintiff Victor Wright currently resides at 1755 Ascot Rd., Security, CO 80911. As a result of Victor Wright's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Victor Wright has elevated levels of PFOA, PFOS, and/or PFCs in

plaintiff's blood.

93.     Plaintiff Sarah Largent currently resides at 1809 Iroquois Road, Pueblo, CO 81001. As a result of Sarah Largent's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Largent has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

94.     Plaintiff Paul Laird currently owns and resides at 1952 East Farley Ave, Pueblo, CO 81007. Plaintiff Paul Laird lived at 81 Davie Drive, Security, CO 80911 for all times relevant herein. As a result of Paul Laird's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Laird has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

95.     Plaintiff Tracey Esteve currently resides at 201 Oriole Street, Fountain, CO 80817. As a result of Tracey Esteve's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tracey Esteve has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

96.     Plaintiff Kristie Lee resided at 205 E. Ohio Avenue, Fountain, CO 80817 for all times relevant herein. As a result of Kristie Lee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristie Lee has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

97.     Plaintiff James Chapman currently resides at 2056 Fairweather Way, Fountain, CO 80817. As a result of James Chapman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Chapman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

98.     Plaintiff Denise Chapman currently resides at 2056 Fairweather Way, Fountain,

CO 80817. As a result of Denise Chapman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Denise Chapman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

99.     Plaintiff John Guttenberg currently resides at 2069 Woodpecker Ln., Elizabeth, CO 80107. Plaintiff John Guttenberg lived at 100 Ithaca Street, Security, CO 80911 and 152 Rose Drive, Security, CO 80911, for all times relevant herein. As a result of John Guttenberg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Guttenberg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

100.     Plaintiff Dennis Heitz currently owns and resides at 209 Fay Drive, Colorado Springs, CO 80911. As a result of Dennis Heitz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dennis Heitz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

101.     Plaintiff Brenda Blvetta Brungardt currently resides at 211 North Main Street, Fountain, CO 80817. As a result of Brenda Blvetta Brungardt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brenda Blvetta Brungardt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

102.     Plaintiff Kayla Farris currently resides at 2230 Conley Blvd, Fountain, CO 80817. As a result of Kayla Farris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kayla Farris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

103.     Plaintiff Kathryn Higgins currently resides at 229 Everett Drive, Colorado Springs, CO 80911. As a result of Kathryn Higgins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathryn Higgins has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood.

104.    Plaintiff Marjorie Lopez currently resides at 2305 Frontier Drive, Colorado Springs, CO 80911. As a result of Marjorie Lopez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marjorie Lopez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

105.    Plaintiff Kristen Port currently resides at 240 Wallace Street, Colorado Springs, CO 80911. As a result of Kristen Port's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristen Port has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

106.    Plaintiff Monica Wright-Tafoya currently resides at 2402 Payne Cr. West, Colorado Springs, CO 80916. As a result of Monica Wright-Tafoya's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Monica Wright-Tafoya has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

107.    Plaintiff Scott Koenig currently owns and resides at 25 North Ely Street, Colorado Springs, CO 80911. As a result of Scott Koenig's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scott Koenig has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

108.    Plaintiff John Lunger currently resides at 26 Willis Dr, Colorado Springs, CO 80911. As a result of John Lunger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Lunger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

109.    Plaintiff Hannah Quidachay currently resides at 2600 Taft Drive Apt # 3207, Boulder, CO 80302. Plaintiff Hannah Quidachay lived at 4987 Rabbit Mountain Ct., Colorado

Springs, 80924, at all times relevant herein. As a result of Hannah Quidachay's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hannah Quidachay has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

110.    Plaintiff Thaddus Montgomery currently owns and resides at 2655 Farrier Ct, Colorado Springs, CO 80922. As a result of Thaddus Montgomery's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thaddus Montgomery has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

111.    Plaintiff Matthew Laws currently resides at 2722 Ontario Street, Pueblo, CO 81004. As a result of Matthew Laws's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthew Laws has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

112.    Plaintiff Felicia Booth-Voris currently resides at 2758 Hearthwood Lane, Colorado Springs, CO 80917. As a result of Felicia Booth-Voris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Felicia Booth-Voris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

113.    Plaintiff Laura Jacobs currently owns and resides at 29 North Dartmouth st, Colorado Springs, CO 80911. As a result of Laura Jacobs's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Jacobs has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

114.    Plaintiff Michael Patterson currently resides at 2902 Airport Rd 108, Colorado Springs, CO 80910. As a result of Michael Patterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Patterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

115.    Plaintiff Billy Cotton currently resides at 315 Comanchy Villiage Dr, Fountain, CO 80817. As a result of Billy Cotton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Billy Cotton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

116.    Plaintiff Christiane Morrow currently resides at 315 Fairfax St., Colorado Springs, CO 80911. As a result of Christiane Morrow's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christiane Morrow has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

117.    Plaintiff Michael Grippo currently resides at 318 Iris Dr., Fountain, CO 80817. As a result of Michael Grippo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Grippo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

118.    Plaintiff Patricia Gagnon currently resides at 3375 Glenarm Rd Lot 4, Colorado Springs, CO 80911. As a result of Patricia Gagnon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Gagnon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

119.    Plaintiff Gary Johnson currently resides at 3375 Glenarm Road Lot 23, Colorado Springs, CO 80911. As a result of Gary Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gary Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

120.    Plaintiff Peggy Puralewski currently resides at 34 Goret Dr., Security, CO 80911. As a result of Peggy Puralewski's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Peggy Puralewski has elevated levels of PFOA, PFOS, and/or PFCs in

plaintiff's blood.

121.   Plaintiff Marie Kornegay currently owns and resides at 344 Maram Way, Fountain, CO 80817. As a result of Marie Kornegay's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marie Kornegay has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

122.   Plaintiff Chris Findlay currently resides at 3483 Spitfire Drive, Colorado Springs, CO 80911. As a result of Chris Findlay's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chris Findlay has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

123.   Plaintiff April Cowley currently owns and resides at 353 East Stanley Drive, Pueblo, CO 81007. As a result of April Cowley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, April Cowley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

124.   Plaintiff Derante Williams currently resides at 3643 Winter Sun Drive, Colorado Springs, CO 80925. As a result of Derante Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derante Williams has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

125.   Plaintiff Debora Richard currently owns and resides at 370 Putnam Drive, Colorado Springs, CO 80911. As a result of Debora Richard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debora Richard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

126.   Plaintiff Vickie Johnson, individually and as parent and natural guardian of A.J., currently resides at 3893 Winter Sun Dr., Colorado Springs, CO 80925 with minor child A.J. As

a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vickie Johnson and A.J. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

127.    Plaintiff Chevon Patrick, individually and as parent and natural guardian of T.E., currently owns and resides at 3915 Sinnes Lane, Colorado Springs, CO 80911 with minor child T.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chevon Patrick and T.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

128.    Plaintiff John Esler currently resides at 3925 S U.S. Highway 8587 Apt 1, Colorado Springs, CO 80911. As a result of John Esler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Esler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

129.    Plaintiff Annette Campbell currently owns and resides at 3940 Charro Drive, Colorado Springs, CO 80911. As a result of Annette Campbell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annette Campbell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

130.    Plaintiff John Campbell, Jr. currently owns and resides at 3940 Charro Drive, Colorado Springs, CO 80911. As a result of John Campbell, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Campbell, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

131.    Plaintiff Christopher Campbell currently resides at 3940 Charro Drive, Colorado Springs, CO 80911. As a result of Christopher Campbell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Campbell has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood.

132.    Plaintiff George Jordan, Jr currently owns and resides at 3960 Cook Drive, Colorado Springs, CO 80911. As a result of George Jordan, Jr's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Jordan, Jr has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

133.    Plaintiff Sonya Lopez currently resides at 3990 South US 85/87 Lot 4, Colorado Springs, CO 80911. As a result of Sonya Lopez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sonya Lopez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

134.    Plaintiff George Lopez currently resides at 3990 South US 85-87 Lot 4, Colorado Springs, CO 80911. As a result of George Lopez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Lopez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

135.    Plaintiff Micheal James currently resides at 4006 Cooke Dr, Colorado Springs, CO 80911. As a result of Micheal James's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Micheal James has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

136.    Plaintiff Angel Negron currently resides at 4015 Candea Court, Colorado Springs, CO 80916. As a result of Angel Negron's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angel Negron has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

137.    Plaintiff Jedadiah Pierce currently resides at 404 Springfield Ave, Colorado Springs, CO 80906. As a result of Jedadiah Pierce's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Jedadiah Pierce has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

138.    Plaintiff Carl Brickell, individually and as parent and natural guardian of C.B., currently resides at 4040 Chenango Drive, Colorado Springs, CO 80911 with minor child C.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carl Brickell and C.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

139.    Plaintiff Cynthia Towner, individually and as parent and natural guardian of J.T., currently owns and resides at 4065 Charro Drive, Colorado Springs, CO 80911 with minor child J.T. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Towner and J.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

140.    Plaintiff Chris Colburn currently resides at 408 Iris Dr, Fountain, CO 80817. As a result of Chris Colburn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chris Colburn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

141.    Plaintiff Crystal Hubbard currently resides at 418 West Kiowa Street, Colorado Springs, CO 80905. As a result of Crystal Hubbard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Crystal Hubbard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

142.    Plaintiff William Foy currently resides at 4185 Sandberg Drive, Colorado Springs, CO 80911. As a result of William Foy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Foy has elevated levels of PFOA, PFOS,

and/or PFCs in plaintiff's blood.

143.    Plaintiff Sharon Carlos currently owns and resides at 420 E Iowa Ave, Fountain, CO 80817. As a result of Sharon Carlos's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharon Carlos has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

144.    Plaintiff Shannon Bresciani currently owns and resides at 4215 Sandberg Dr., Colorado Springs, CO 80911. As a result of Shannon Bresciani's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shannon Bresciani has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

145.    Plaintiff Michael Shuck currently resides at 422 Ponderosa Dr., Colorado Springs, CO 80911. As a result of Michael Shuck's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Shuck has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

146.    Plaintiff Hyunkyung Chavez currently owns and resides at 4226 Dooley Way, Colorado Springs, CO 80911. As a result of Hyunkyung Chavez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hyunkyung Chavez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

147.    Plaintiff Michael Esler currently resides at 4315 Wait Court, Colorado Springs, CO 80911. As a result of Michael Esler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Esler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

148.    Plaintiff Antonio Ford currently resides at 4354 Witches Hollow Lane, Colorado Springs, CO 80911. As a result of Antonio Ford's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Antonio Ford has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

149.    Plaintiff Robert Behrens currently resides at 440 Hadley Street, Fountain, CO 80817. As a result of Robert Behrens's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Behrens has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

150.    Plaintiff Janie Cumpston currently resides at 4415 Fencer Road, Colorado Springs, CO 80911. As a result of Janie Cumpston's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janie Cumpston has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

151.    Plaintiff Steven Saleny currently owns and resides at 443 Mirian Drive, Colorado Springs, CO 80911. As a result of Steven Saleny's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Saleny has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

152.    Plaintiff Ladocia Bloom currently resides at 4455 Hennings Dr., Security, CO 80911. As a result of Ladocia Bloom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ladocia Bloom has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

153.    Plaintiff William Bloom currently resides at 4455 Hennings Dr., Security, CO 80911. As a result of William Bloom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Bloom has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

154.    Plaintiff Louis Kowalefski currently resides at 4471 McGrew Circle, Colorado

Springs, CO 80911. As a result of Louis Kowalefski's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Louis Kowalefski has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

155.    Plaintiff Albert Rice currently resides at 45 North Amherst Street, Colorado Springs, CO 80911. As a result of Albert Rice's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Albert Rice has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

156.    Plaintiff Ryann Milam currently resides at 450 Comanche Village Dr Apt 206, Fountain, CO 80817. As a result of Ryann Milam's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ryann Milam has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

157.    Plaintiff Sonmi Parsons currently resides at 4517 Songglen Cir., Colorado Springs, CO 80906. As a result of Sonmi Parsons's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sonmi Parsons has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

158.    Plaintiff James Parsons currently resides at 4517 Songglen Cir., Colorado Springs, CO 80906. As a result of James Parsons's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Parsons has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

159.    Plaintiff Sudie-Pearl Horton currently resides at 4970 Goulet Way, Colorado Springs, CO 80911. As a result of Sudie-Pearl Horton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sudie-Pearl Horton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

160.    Plaintiff Bromlyn Hatton currently resides at 556 Music Mountain Drive, Westclife, CO 81252. Plaintiff Bromlyn Hatton resided at 7235 Loveland Avenue, Fountain, CO 80817, for all times relevant herein. As a result of Bromlyn Hatton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bromlyn Hatton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

161.    Plaintiff Derek Brown currently resides at 589 Corte Amino, Fountain, CO 80817. As a result of Derek Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derek Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

162.    Plaintiff Brian Kidwell currently owns and resides at 5910 Kittery Drive, Colorado Springs, CO 80911. As a result of Brian Kidwell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Kidwell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

163.    Plaintiff Helen Kidwell currently owns and resides at 5910 Kittery Drive, Colorado Springs, CO 80911. As a result of Helen Kidwell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Helen Kidwell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

164.    Plaintiff Sylvia Walton currently resides at 5969 San Mateo Dr., Colorado Springs, CO 80911. As a result of Sylvia Walton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sylvia Walton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

165.    Plaintiff Alan Thein currently resides at 601 Hackberry Dive, Colorado Springs, CO 80911. As a result of Alan Thein's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Alan Thein has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

166.    Plaintiff Amy Kinoff currently owns and resides at 609 Harvest Moon Road, Fountain, CO 80817. As a result of Amy Kinoff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amy Kinoff has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

167.    Plaintiff John Young currently resides at 613 Fountain Mesa Rd, Fountain, CO 80817. As a result of John Young's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Young has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

168.    Plaintiff Jamie Huff currently owns and resides at 6136 Wild Turkey Dr, Colorado Springs, CO 80925. As a result of Jamie Huff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jamie Huff has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

169.    Plaintiff Alfonso Colon currently resides at 620 Jayton Drive, Colorado Springs, CO 80911. As a result of Alfonso Colon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alfonso Colon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

170.    Plaintiff Heather Didonato currently resides at 623 Blackmoore Place, Fountain, CO 80817. As a result of Heather Didonato's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heather Didonato has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

171.    Plaintiff Vincent Harris currently resides at 625 Blossom Field Road, Fountain,

CO 80817. As a result of Vincent Harris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vincent Harris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

172.   Plaintiff Robert Hull currently owns and resides at 633 Clearview Drive, Fountain, CO 80817. As a result of Robert Hull's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Hull has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

173.   Plaintiff Monica Hull currently owns and resides at 633 Clearview Drive, Fountain, CO 80817. As a result of Monica Hull's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Monica Hull has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

174.   Plaintiff Mary Crawley, individually and as parent and natural guardian of K.C., currently owns and resides at 6425 Dancing Star Way, Colorado Springs, CO 80911 with minor child K.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Crawley and K.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

175.   Plaintiff Samuel James, Jr. currently owns and resides at 6518 Alliance Loop, Colorado Springs, CO 80925. As a result of Samuel James, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samuel James, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

176.   Plaintiff Bonnie Miller currently resides at 657 Loomis Ave., Colorado Springs, CO 80906. As a result of Bonnie Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bonnie Miller has elevated levels of PFOA, PFOS, and/or

PFCs in plaintiff's blood.

177.    Plaintiff Timisha Reneau currently resides at 732 Hackberry Drive, Colorado Springs, CO 80911. As a result of Timisha Reneau's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timisha Reneau has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

178.    Plaintiff Nicole Paine currently resides at 7367 Glenburn Dr., Fountain, CO 80817. As a result of Nicole Paine's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicole Paine has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

179.    Plaintiff Michelle Swinton currently resides at 7374 Sandy Sprints Point, Fountain, CO 80817. As a result of Michelle Swinton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Swinton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

180.    Plaintiff Trudy Tagstrom currently resides at 7375 Songbird Dr., Colorado Springs, CO 80911. As a result of Trudy Tagstrom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Trudy Tagstrom has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

181.    Plaintiff Amelia Rubio currently owns and resides at 7376 Colonial Drive, Fountain, CO 80817. As a result of Amelia Rubio's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amelia Rubio has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

182.    Plaintiff Harnek Sahota currently owns and resides at 7387 Willow Pines Place, Fountain, CO 80817. As a result of Harnek Sahota's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Harnek Sahota has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

183.    Plaintiff Dorothy Pierce currently resides at 203 Clay Ridge Road, Columbia, South Carolina 29223. Plaintiff Dorothy Pierce resided at 7410 Siverdale Street, Colorado Springs, CO 80911 for all times relevant herein. As a result of Dorothy Pierce's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dorothy Pierce has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

184.    Plaintiff Rebecca Barnes currently owns and resides at 7418 Silver Bow Dr, Colorado Springs, CO 80925. As a result of Rebecca Barnes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Barnes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

185.    Plaintiff Richard Cook currently resides at 7421 Colonial Drive, Fountain, CO 80817. As a result of Richard Cook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Cook has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

186.    Plaintiff Mary Mahon currently resides at 7425 Silverdale St, Colorado Springs, CO 80911. As a result of Mary Mahon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Mahon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

187.    Plaintiff Timothy Mahon currently resides at 7425 Silverdale Street, Colorado Springs, CO 80911. As a result of Timothy Mahon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Mahon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

188.    Plaintiff Kathy Maximenko currently owns and resides at 7435 Goldfield Drive, Colorado Springs, CO 80911. As a result of Kathy Maximenko's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathy Maximenko has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

189.    Plaintiff Linda Jones currently resides at 746 E. Cucharras St., Colorado Springs, CO 80983. As a result of Linda Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

190.    Plaintiff Brandon Herrera currently resides at 7475 Woodstack Street, Colorado Springs, CO 80911. As a result of Brandon Herrera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandon Herrera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

191.    Plaintiff Myrna Perez currently resides at 750 East Cheyenne Rd. Apt. 208, Colorado Springs, CO 80905. As a result of Myrna Perez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Myrna Perez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

192.    Plaintiff Valentina Wolfkill currently owns and resides at 7530 Dove Creek Cir, Colorado Springs, CO 80911. As a result of Valentina Wolfkill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Valentina Wolfkill has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

193.    Plaintiff John Cuellar currently resides at 7532 Duck Hawk Place, Fountain, CO 80817. As a result of John Cuellar's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Cuellar has elevated levels of PFOA, PFOS, and/or PFCs in

plaintiff's blood.

194.    Plaintiff James Cook currently resides at 7544 Silver Bow Drive, Colorado Springs, CO 80925. As a result of James Cook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Cook has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

195.    Plaintiff Lionel Martinez currently owns and resides at 7630 Deer Trail, Colorado Springs, CO 80911. As a result of Lionel Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lionel Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

196.    Plaintiff Geraldine Martinez currently owns and resides at 7630 Deer Trail, Colorado Springs, CO 80911. As a result of Geraldine Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Geraldine Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

197.    Plaintiff Nicholas Villegas currently resides at 7675 Middle Bay Way, Fountain, CO 80817. As a result of Nicholas Villegas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Villegas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

198.    Plaintiff Alicia Chavez currently resides at 7722 Monte Cristo Bay Court, Fountain, CO 80817. As a result of Alicia Chavez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alicia Chavez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

199.    Plaintiff Danielle Wojtowicz currently resides at 7722 Monte Cristo Bay Ct., Fountain, CO 80817. As a result of Danielle Wojtowicz's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Danielle Wojtowicz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

200.    Plaintiff Jennifer Howell currently resides at 775 Pennington Dr, Colorado Springs, CO 80911. As a result of Jennifer Howell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Howell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

201.    Plaintiff Miguel Cantu currently resides at 7823 Dutch Loop, Colorado Springs, CO 80925. As a result of Miguel Cantu's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Miguel Cantu has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

202.    Plaintiff Argentina Perez currently owns and resides at 7840 Peninsula Dr, Colorado Springs, CO 80911. As a result of Argentina Perez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Argentina Perez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

203.    Plaintiff Charles Wesley Peoples currently owns and resides at 7847 Lantern Lane, Fountain, CO 80817. As a result of Charles Wesley Peoples's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Wesley Peoples has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

204.    Plaintiff Corrie Studdard currently resides at 785 Rundle Court, Colorado Springs, CO 80911. As a result of Corrie Studdard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Corrie Studdard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

205.    Plaintiff Rachael Waters currently owns and resides at 7875 Woody Creek Drive,

Colorado Springs, CO 80911. As a result of Rachael Waters's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rachael Waters has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

206.   Plaintiff Maurice Harris currently owns and resides at 7904 Catbird Ct, Fountain, CO 80817. As a result of Maurice Harris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maurice Harris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

207.   Plaintiff Shandell Echols currently owns and resides at 795 Ridgebury Place, Fountain, CO 80817. As a result of Shandell Echols's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shandell Echols has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

208.   Plaintiff Wendell Burnett currently resides at 8 Dudley Ave, Colorado Springs, CO 80909. As a result of Wendell Burnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wendell Burnett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209.   Plaintiff Doris Guiliani currently resides at 80 Everett Drive, Colorado Springs, CO 80911. As a result of Doris Guiliani's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Doris Guiliani has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

210.   Plaintiff Keith Orcutt currently owns and resides at 800 Kiowa St, Fountain, CO 80817. As a result of Keith Orcutt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keith Orcutt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

211.    Plaintiff Tabitha Starks currently owns and resides at 800 South Sant Fe Lot A-10, Fountain, CO 80817. As a result of Tabitha Starks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tabitha Starks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

212.    Plaintiff Rita Machin currently owns and resides at 802 Cardinal Street, Colorado Springs, CO 80911. As a result of Rita Machin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Machin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

213.    Plaintiff Carlos Machin currently owns and resides at 802 Cardomal St, Colorado Springs, CO 80911. As a result of Carlos Machin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carlos Machin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

214.    Plaintiff Brandy Harris currently owns and resides at 803 Foxwood Dr, Colorado Springs, CO 80911. As a result of Brandy Harris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandy Harris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

215.    Plaintiff Bobby Winfield currently resides at 820 Fountain Mesa Rd, Colorado Springs, CO 80917. As a result of Bobby Winfield's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bobby Winfield has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

216.    Plaintiff Vivian Winfield currently resides at 820 Fountain Mesa Road, Fountain, CO 80817. As a result of Vivian Winfield's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vivian Winfield has elevated levels of PFOA, PFOS, and/or

PFCs in plaintiff's blood.

217.    Plaintiff James Washington currently owns and resides at 8323 Dassel Dr, Fountain, CO 80817. As a result of James Washington's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Washington has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

218.    Plaintiff Shera Gottlob currently resides at 842 Hubbell Dr., Security, CO 80911. As a result of Shera Gottlob's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shera Gottlob has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

219.    Plaintiff Delores Stroh currently resides at 842 Hubbell Dr., Security, CO 80911. As a result of Delores Stroh's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Delores Stroh has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

220.    Plaintiff Kayla Doughty currently resides at 8426 Dassel Drive, Fountain, CO 80817. As a result of Kayla Doughty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kayla Doughty has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

221.    Plaintiff Consepcion Hines currently resides at 843 Santa Fe Ave, La Junta, CO 81050. Plaintiff Consepcion Hines lived at 1568 Prado Drive, Fountain, CO 80817 for all times relevant herein. As a result of Consepcion Hines's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Consepcion Hines has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

222.    Plaintiff Ira Bloodworth currently resides at 850 Daffodil St, Fountain, CO 80817.

As a result of Ira Bloodworth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ira Bloodworth has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

223.    Plaintiff Gamal Lawrence currently resides at 859 Eagle Bend Dr, Colorado Springs, CO 80911. As a result of Gamal Lawrence's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gamal Lawrence has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

224.    Plaintiff Heather Gorman currently resides at 864 Bunting Avenue, Fountain, CO 80817. As a result of Heather Gorman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heather Gorman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

225.    Plaintiff Sabien Stapleton currently owns and resides at 875 Crandall Drive, Widefield, CO 80911. As a result of Sabien Stapleton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sabien Stapleton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

226.    Plaintiff Rita Jeffries currently owns and resides at 875 Stargate Drive, Colorado Springs, CO 80911. As a result of Rita Jeffries's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Jeffries has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

227.    Plaintiff Tina Glunt currently owns and resides at 8825 Chalali Mesa Court, Fountain, CO 80817. As a result of Tina Glunt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tina Glunt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

228.    Plaintiff James Glunt currently owns and resides at 8825 Chalali Mesa Court, Fountain, CO 80817. As a result of James Glunt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Glunt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

229.    Plaintiff Rita Landers currently owns and resides at 8857 Chalali MesaCourt, Fountain, CO 80817. As a result of Rita Landers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Landers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

230.    Plaintiff Gene Wilson currently owns and resides at 900 Candelstar Loop North, Fountain, CO 80817. As a result of Gene Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gene Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

231.    Plaintiff Charline Loewenstein currently resides at 901 Widefield Dr., Security, CO 80911. As a result of Charline Loewenstein's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charline Loewenstein has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

232.    Plaintiff Sherry Quinlivan currently owns and resides at 901 Desert Cir, Fountain, CO 80817. As a result of Sherry Quinlivan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherry Quinlivan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

233.    Plaintiff Chastity Bunn currently resides at 902 Candlestar Loop South, Fountain, CO 80817. As a result of Chastity Bunn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chastity Bunn has elevated levels of PFOA, PFOS, and/or

PFCs in plaintiff's blood.

234.    Plaintiff Billie Frankland currently resides at 908 Pond Side Dr., Colorado Springs, CO 80911. As a result of Billie Frankland's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Billie Frankland has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

235.    Plaintiff Theodore Johnson currently resides at 9204 Castle Oaks Drive, Fountain, CO 80817. As a result of Theodore Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theodore Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

236.    Plaintiff Becky Steeves currently owns and resides at 9234 Red Fern Lane, Fountain, CO 80817. As a result of Becky Steeves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Becky Steeves has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

237.    Plaintiff Alina Mathews, individually and as parent and natural guardian of F.W., currently resides at 926 Drury Ln, Colorado Springs, CO 80911 with minor child F.W. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alina Mathews and F.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

238.    Plaintiff Trapper Mathews currently resides at 926 Drury Ln, Colorado Springs, CO 80911. As a result of Trapper Mathews's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Trapper Mathews has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

239.    Plaintiff Alina Mathews currently owns and resides at 926 Drury Ln, Colorado

Springs, CO 80911. As a result of Alina Mathews's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alina Mathews has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

240.   Plaintiff Darren Hunt currently resides at 933 Cardinal Street, Colorado Springs, CO 80911. As a result of Darren Hunt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darren Hunt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

241.   Plaintiff Carrie Brown currently resides at 933 Cardinal Street, Colorado Springs, CO 80911. As a result of Carrie Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carrie Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

242.   Plaintiff Darren Brown currently owns and resides at 933 Cardinal Street, Colorado Springs, CO 80911. As a result of Darren Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darren Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

243.   Plaintiff Erin Hutchinson currently resides at 947 Candlestar Loop South, Fountain, CO 80817. As a result of Erin Hutchinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Hutchinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

244.   Plaintiff Michelle Greenlee currently resides at 9530 Penncross Place, Colorado Springs, CO 80925. As a result of Michelle Greenlee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Greenlee has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

46

245.    Plaintiff Arthur Green currently owns and resides at 9575 Linkage Trail, Fountain, CO 80817. As a result of Arthur Green's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arthur Green has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

**Defendants**

246.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

247.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

248.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

249.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people,

operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

250. 3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

251. 3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

252. Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

253. Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

254. Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

255. At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

256. Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

257.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

258.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

259.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/A NATIONAL FOAM INC., is a North Carolina corporation having a principal place of business at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

260.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

261.    KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

262.    KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

263.     Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

264.     Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

265.     Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

266.     Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

267.     Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

268.     WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

269.     KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

270.     Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

271.     Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

272.     KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

273.     UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

274.     Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

275.     UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

276.     NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

51

277.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

278.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

279.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

280.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

281.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

282.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

283.     Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

284.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

285.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

286.    The USAF uses 3% AFFF for its installations.

287.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

288.    3M was the only company to manufacture PFOS-containing AFFF.

289.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

290.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

291.    In 1947, 3M began producing PFOA via ECF.

292.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

293.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

294.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

295.     PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

296.     By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

297.     As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

298.     Early studies showed that PFCs accumulated in the human body and were toxic.

299.     3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

300.     3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

301.     Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

302.     In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

303.     Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

304.   Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

305.   These injuries can arise months or years after exposure to PFOA.

306.   As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

307.   Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

### AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.

308.   Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

309.   Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

310.   At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

311.   The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

312.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

313.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

314.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

315.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

316.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

317.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

318.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

319.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

320.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

321.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

322.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

323.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

324.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the

groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

325.    PFOA and PFOS are present in all Defendants' AFFF products.

326.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

327.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

328.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

329.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

330.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the

particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

331. The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

332. The market for AFFF is ascertainable through standard discovery means.

333. It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

334. Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

335. Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

336. Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

337.     Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

338.     Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

339.     Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

340.     Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

341.     Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

342.     Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

343.     Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

344.     Using their considerable resources to fight PFOA and PFOS regulation; and

345.     Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

346.     As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

347.     Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

348.     Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

349.     Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

350.     Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

351.     Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

### CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
### AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

352.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

353.     This cause of action is brought pursuant to Colorado law.

354.     Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

355.     Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were

manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

356.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

357.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

358.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

359.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

360.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

361.   Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

362.   Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

363.   Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

364.   The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

365.   As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

366.   Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

367.   Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

368.     Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

369.     As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

370.     Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

371.     As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

372.     Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

373.     Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

374.      Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

375.   Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

376.   Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

377.   Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

378.   Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

379.   Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

380.   Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

381.   Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

382.     Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

**AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING**

383.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

384.     This cause of action is brought pursuant to Colorado law.

385.     In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

386.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination

of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

387.     Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

388.     Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

389.     As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

390.     Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

391.     Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

392.     Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

393.     Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

394.     A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

395.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

396.     This cause of action is brought pursuant to Colorado law.

397.     As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

398.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

399.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

400.     AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

401.     Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing

PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

402. Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

403. Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

404. Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

405. Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

406. Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

407. Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

408. Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

409.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

410.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

411.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

412.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

413.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

### AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

414.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

415.    This cause of action is brought pursuant to Colorado law.

416.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

417.     Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

418.     The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

419.     Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

420.     These alternative designs and/or formulations were already available, practical, and technologically feasible.

421.     The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

422.     As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

423.     AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

424.     Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

425.     The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

426.     Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

427.     As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

428.     As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

429.     As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

430.     As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

431.     Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## **CLAIM FOR PUNITIVE DAMAGES**

432.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

433.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

434.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

435.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

436.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

437.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

438.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

439.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

440.    an order for an award of attorneys' fees and costs, as provided by law;

441.    an award of pre-judgment and post-judgment interest as provided by law; and

442.    an order for all such other relief the Court deems just and proper.

## JURY DEMAND

443.   Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 11, 2018                    Respectfully Submitted,

                                       **NAPOLI SHKOLNIK, PLLC**

                                       */s/ Hunter J. Shkolnik*_____
                                       Hunter Shkolnik
                                       Paul J. Napoli
                                       Louise Caro
                                       Tate J. Kunkle
                                       Patrick J. Lanciotti
                                       360 Lexington Avenue, Eleventh Floor
                                       New York, NY 10017
                                       Telephone: (212) 397-1000
                                       E-mail: pnapoli@napolilaw.com
                                       E-mail: hunter@napolilaw.com
                                       E-mail: lcaro@napolilaw.com
                                       E-mail: tkunkle@napolilaw.com
                                       E-mail: planciotti@napolilaw.com

                                       **MCDIVITT LAW FIRM**
                                       Michael McDivitt
                                       Kelly Hyman
                                       19 East Cimarron Street
                                       Colorado Springs, CO 80903
                                       Telephone: (719) 471-3700
                                       E-mail: mmcdivitt@mcdivittlaw.com
                                       E-mail: kyman@mcdivittlaw.com